**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

NGUYEN, ET AL.                          CIVIL ACTION

VERSUS                                  NO. 11-1799 c/w 11-2705
                                        PERTAINS TO ALL CASES

AMERICAN COMMERCIAL LINES,              SECTION: "B" (4)
INC. ET AL.


ORDER AND REASONS

Before the Court is Defendant American Commercial Lines'
("ACL") Motion to Dismiss OPA Claims Pursuant to Rule 12(c),
Plaintiffs' opposition and ACL's subsequent Reply. (Rec. Doc.
Nos. 13, 21 and 29). Accordingly, and for the reasons articulated
below,

**IT IS ORDERED** that ACL's Motion to Dismiss be **GRANTED
without prejudice.**[1]


CAUSE OF ACTION AND FACTS OF THE CASE:

On July 23, 2008, the M/V TINTOMARA and the barge DM-932,
which was being towed by the M/V MEL OLIVER, collided on the
Mississippi River, causing oil to spill into the river. ACL, the

---

[1] We are grateful for the work on this case by Emily C. Byrd, a Loyola
University New Orleans College of Law Extern with our Chambers.

barge owner, DRD, the towboat operator, and TINTOMARA interests, the owners of the M/V TINTOMARA, each filed limitation complaints in this Court. (Rec. Doc. No. 1). Numerous claims have been filed in those limitations, including claims for relief pursuant to the Oil Pollution Act of 1990 ("OPA")[2] and other claims for damages as a result of the oil spill. (Rec. Doc. No. 1)

Similar to *Gabarick v. Laurin Maritime (America), Inc.,*[3] these tangential claims of commercial fishermen and/or seafood wholesalers are brought before this Court as the result of the oil spill caused by the collision of the aforementioned vessels. The Claims Adjudication Division of the United States Coast Guard ("Coast Guard") formally designated the source of the oil discharge as DM-932. The designation also applied to ACL, as a party that may be held liable for removal costs and damages. *Id*. at 743.

## LAW AND ANALYSIS

### 1. 12(c) Standard of Review

A motion for judgment on the pleadings under Rule 12(c) is subject to the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Doe v. MySpace, Inc.,* 528 F.3d 413, 418 (5th Cir. 2008); *Great Plains Trust Co v. Morgan*

---

[2] 33 U.S.C §§ 2701 to 2716.

[3] 623 F. Supp. 2d 741 (E.D. La. 2009).

*Stanley Dean Witter & Co.,* 313 F.3d 305, 313 (5th Cir. 2002). In determining whether dismissal is appropriate, the court must decide whether the facts alleged in the pleadings, if true, would entitle the plaintiff to some sort of legal remedy. *Ramming v. U.S.,* 281 F.3d 158, 162 (5th Cir. 2001); *Cinel v. Connick,* 15 F.3d 1338, 1341 (5th Cir. 1994). The Supreme Court has put it this way: "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). Judgment on the pleadings is appropriate only if there are no disputed issues of material fact and only questions of law remain. *Voest-Alpine Trading USA Corp. v. Bank of China,* 142 F.3d 887, 891 (*5th Cir. 1998*).


**2. OPA Compliance**

    There are two instances when OPA allows for an action to be brought before the Court. First, an action may be brought if "each person to whom the [OPA] claim is presented denies all liability for the claim." 33 U.S.C. § 2713(c)(1). Or, "an action may be commenced if 'the claim is not settled by any person by payment within 90 days after the date upon which (A) the claim was presented, or (B) advertising was begun ..., whichever is

later.'" *Gabarick v. Laurin Mar. (Am.) Inc.*, 2009 WL 102549 (E.D. La. Jan. 12, 2009)(citing 33 U.S.C. § 2713(c)(2)). OPA requires that "all claims for removal costs or damages be presented first to parties responsible for spill [as a] mandatory condition precedent to filing of private lawsuits under OPA." *Boca Ciega Hotel, Inc. v. Bouchard Trasp. Co., Inc.*, C.A. 11(Fla.) 1995, 51 F.3d 235. The text of OPA designates its "mandatory and exclusive nature." *Gabarick v. Laurin Mar. (Am.) Inc.*, 623 F. Supp. 2d 741, 745 (E.D. La. 2009) (addressing 33 U.S.C. 2702(a)). Section 2713(a) uses the "absolute words 'all' and 'shall,' meaning for 'all claims'" and directing that they "shall" be first presented to the responsible party. *Id.* at 746. "The purpose of the claim presentation procedure is to promote settlement and avoid litigation." *Johnson v. Colonial Pipeline Co.*, 830 F.Supp. 309, 310 (E.D. Va. 1993)

Coast Guard regulations require at a minimum, a general description of the nature and extent of the impact of the oil spill and the associated damages, a list of the damages with a "sum certain" attributed to each type of damage listed and evidence to support the claim.[4]

The general requirements for a claim are laid out in 33

---

[4] 33 C.F.R. 136.105

C.F.R. 136.105:

. . .(b) Each claim must be in writing for a sum certain for compensation for each category of uncompensated damages or removal costs (as described in Subpart C of this part) resulting from an incident. . .

. . .(5) An explanation of how and when the removal costs or damages were caused by, or resulted from, an incident.

(6) Evidence to support the claim.

. . .(8) The reasonable costs incurred by the claimant in assessing the damages claimed. This includes the reasonable costs of estimating the damages claimed, but not attorney's fees or other administrative costs associated with preparation of the claim.

. . . (13) In the discretion of the Director, NPFC, any other information deemed relevant and necessary to properly process the claim for payment.

OPA applies when "each responsible party for a vessel or a facility from which oil is discharged,. . . into or upon the navigable waters or adjoining shorelines or the exclusive economic zone is liable for the removal costs and damages specified . . . that result from such incident." 33 U.S.C. § 2702. Neither Plaintiffs nor ACL raise issue with the applicability of OPA to this accident. (Rec. Doc. Nos. 1 and 10). Under the OPA, claimants are required to exhaust administrative remedies, either by the responsible party denying liability or a failure to address the action within 90 days of advertisement or presenting a claim. At issue is whether Plaintiffs have exhausted their administrative remedies through OPA, a condition precedent

to bringing this matter in federal court.

The Coast Guard regulation provides specific guidance on necessary evidence to prove a claim.[5] In order to handle the claims presented, ACL retained a Claims Administrator ("CA") for the claims received. The CA set forth seven items they required for presentation of the claims including:(1) 2007 and 2008 Tax Returns; (2) Record of daily "catch" and or sales data of each claimant for May-September of 2008; (3) an explanation with support for the number of "lost days" claimed by each claimant; (4) a "calculation" showing how the claimed "lost income per day" was determined from the support provided by each claimant; (5) an explanation on the loss of "subsistence" and how was the $60.00 per day computed; (6) invoices for the hull cleaning cost of $200.00 for each claimant; and (7) a map that indicates the exact location where the claimant normally fishes or stores their boat. The CA also reserved the right to demand further documentation. When compared with the requirements of the Coast Guard, the CA's requirements of supporting documentation appear consistent with what is required for claim presentation by regulation. Claimants who fail to comply with the presentment requirement are subject to dismissal without prejudice, allowing them leave to exhaust

---

[5] *See supra*, note 1.

the presentment requirement of OPA before returning to court. *In re Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010*, 808 F. Supp. 2d 943, 964 (E.D. La. 2011).

Based on the above regulations set forth by the Coast Guard, the claim evidence required by the CA appears to be in line with the requirements provided by regulation. ACL's allegation that Plaintiffs have not fully exhausted their claims under OPA is supported by the evidence. (Rec. Doc. No. 10-1). Plaintiffs are missing supporting documentation for several claimants, which would indicate that the CA was not able to fully analyze their claims. Specifically, the CA lists individual claimants and the documents they are missing in a letter provided to Plaintiffs' attorney. (Rec. Doc. No. 10-1 at 8). The only evidence ACL supplies of missing documents pertain to claimants' 2007 and 2008 tax returns, which would support the allegation of a loss due to the spill. While Plaintiffs submit one completed claim with the CA's requested documents, there is a lack of support that this claim is representative of the majority, nor that documents requested by the CA have since been provided. (Rec. Doc. No. 21 and Exhibits). Moreover, by not complying with the presentment requirement, Plaintiffs have yet to fully exhaust their OPA remedies, barring this case from being heard before this Court.

7

Based on the above, Plaintiffs' claim against ACL should be dismissed without prejudice to allow Plaintiffs to exhaust their OPA remedies before proceeding with court action. Accordingly, and for the reason articulated above,

New Orleans, Louisiana, this 9th day of November, 2012.

_____
UNITED STATES DISTRICT JUDGE