```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

| | |
|---|---|
| **CHUC NGUYEN, ET AL.** | **CIVIL ACTION** |
| | **NO. 11-1799** |
| | **c/w 11-2705,** |
| **VERSUS** | **pertains to** |
| | **all cases** |
| **AMERICAN COMMERCIAL LINES, INC., ET AL.** | **SECTION "B"(4)** |

## ORDER AND REASONS

Nature of Motion and Relief Sought:

Before the Court is Defendants' Motion for Reconsideration or, in the Alternative, Certification for an Interlocutory Appeal Under 28 U.S.C. 1292(b). (Rec. Doc. No. 62-1). Accordingly, and for the reasons articulated below,

**IT IS ORDERED** that Defendants' Motion is **DENIED IN PART**, as to Defendants' Motion for Reconsideration, and **GRANTED IN PART**, as to certification of an interlocutory appeal as to this Court's prior Order and Reasons denying Defendants' Motion for Summary Judgment (Rec. Doc. 61).

Cause of Action and Procedural History:

This case arises out of the collision between the M/V TINTOMARA and Barge DM-932 on July 23, 2008 on the Mississippi River, which also gave rise to litigation in *Gabarick v. Laurin Maritime (America), Inc. et al.*, 623 F. Supp. 2d 741 (E.D. La. 2009). As a result of the collision, oil discharged into the

Mississippi River and traveled downstream into various water bodies, allegedly including estuaries within Plaquemines Parish, Louisiana. (Rec. Doc. No. 1 at 4-5). On July 24, 2008, the United States Coast Guard (the "Coast Guard") designated Barge DM-932 as the source of the discharge and named American Commercial Lines, Inc. ("ACL") as the responsible party under the Oil Pollution Act of 1990 ("OPA"). *Id.* at 5. ACL then hired Worley Catastrophe Response, LLC ("Worley") as its third-party claims administrator. *Id.*

Between approximately June 11 and July 23, 2009, Plaintiffs' counsel, Michael A. Fenasci, submitted 224 "form claim letters" to Worley on behalf of commercial fishermen and seafood wholesalers allegedly affected by the oil spill. (Rec. Doc. No. 44-1 at 4-5). Each form letter sought recovery for damage to property, loss of profits, loss of earning capacity, and loss of subsistence. Each letter also requested payment of amounts loosely ranging from $11,000 to $30,000.[1]

On July 23, 2009, Worley requested additional information to substantiate the claims submitted, including copies of each claimant's federal income tax returns for 2007 and 2008, "daily catch" or sales data for May to September 2008, and an explanation of each claimant's "lost days" calculation. (Rec. Doc. No. 44-1 at 5). Following that request, Mr. Fenasci and attorney Wayne Yuspeh

---

[1] Scans of each letter were provided to the Court as a DVD manual attachment, which will hereinafter be cited as "Rec. Doc. 51-1."

2

submitted approximately forty-eight additional claims but did not provide all of the related documents and information requested by Worley. (Rec. Doc. No. 44-1 at 6).

On July 25, 2011, approximately two years after first contacting Worley, Plaintiffs initiated this action, asserting claims under the OPA and the Louisiana Unfair Trade Practices Act. (Rec. Doc. No. 1). Roughly six months later, on March 15, 2012, Defendant filed a motion to dismiss on the grounds that the Plaintiffs failed to comply with the OPA's presentment requirement, contained in 28 U.S.C. § 2713(c). (Rec. Doc. No. 13). The Court initially granted that motion to dismiss without prejudice and entered judgment accordingly. However, on Plaintiff's motion to reconsider, the Court vacated judgment and denied Defendant's motion to dismiss "because the Court's prior order [had] not assume[d] the truth of Plaintiffs' allegations and relied on 'evidence' in dismissing the claims at the pleading stage." (Rec. Doc. No. 44 at 1). At the Court's direction, Defendant filed a motion for summary judgment on October 29, 2013 . (Rec. Doc. No. 44). Hearing thereon was continued several times to allow the parties to collect and review the voluminous claims materials involved. (Rec. Docs. 47 & 50). Finally, however, the Court denied the summary judgment motion (See Rec. Doc. 61), which prompted Defendants' filing of the instant motion.

Contentions of Defendants:

Defendants urge this Court to either reconsider its prior Order denying ACL's Motion for Summary Judgment (Rec. Doc. No. 44). or to grant Certification for an Immediate Interlocutory Appeal of this Court's denial pursuant to 28 U.S.C. 1292(b). (Rec. Doc. No. 62-1).

Contentions of Plaintiffs:

Plaintiffs contend that Defendants have not changed or added anything new in discovery and because of this, the Court should deny their Motion. Plaintiffs maintain Defendants have merely restated their previous arguments and that there is no basis for appeal. (Rec. Doc. No. 63).

Law and Analysis:

A. Motion for Reconsideration

The Federal Rules of Civil Procedure do not provide for a "Motion for Reconsideration" but such motions may properly be considered either in the form of a Rule 59(e) motion to alter or amend a judgment or a Rule 60(b) motion for relief from a judgment. See *Bass v. U.S. Dept. of Agriculture*, 211 F.3d 959, 962 (5th Cir. 2000); *Hamiliton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 383 (5th Cir. 1998).  In order to be timely, a Rule 59(e) motion must be filed within twenty-eight days of the judgment or order of which the party complains.  Fed. R. Civ. P. 59(e).  Otherwise, a motion for reconsideration will be considered as a Rule 60(b) motion.  *Freeman v. County of Bexar*, 142 F.3d 848, n.7 (5th Cir.

1998). It is undisputed that Defendants filed the instant motion for reconsideration within twenty-eight days from entry of the Order and Reasons denying the original Motion for Summary Judgment. (Rec. Doc. No. 62). Accordingly, Defendants' motion is considered a timely Rule 59(e) motion to alter or amend a judgment.

Nevertheless, **IT IS ORDERED** that the Motion for Reconsideration is **DENIED** for the reasons stated in the Court's prior Order and Reasons. (Rec. Doc. 61). Nothing in the instant pleadings suggests adequate grounds for re-visiting the Court's ruling on these issues.

B. Certification of an Interlocutory Appeal under 28 U.S.C. 1292(b)

28 U.S.C. § 1292(b) States:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

There are two pure questions of law at issue here. The first

is whether Plaintiffs met proper presentment requirements when they failed to personally sign the claim forms in compliance with C.F.R. 33 § 136.105(c) and did not provide certain specific requested items of evidence in support of their claims. (Rec. Doc. No. 62-1). The second is "whether the requirement of a 90-day waiting period after making proper presentment before starting litigation against the responsible party, 28 U.S.C. § 2713(c), coupled with the three-year limitation period for commencing an action against a responsible party, 28 U.S.C. § 2717(f)(1)(A), means that the plaintiffs had to make a proper presentment at least 90 days before the expiration of the limitation period." (Rec. Doc. No. 62-1).

These are pure questions of law of first impression in the Fifth Circuit. Ultimately, the decision of the Fifth Circuit on these questions could potentially materially alter the outcome of the present litigation. If the Fifth Circuit were to determine that proper presentment requirements for purposes of the OPA and related law were not met under the facts of the instant case, it would lead to the disposition of this case. An interlocutory appeal would be appropriate in the present case. At least two courts in this district have reached different conclusions as to proper application of the law implicated by the above questions. (Rec. Doc. No. 62-1; citing *Turner v. Murphy Oil USA, Inc.* No. 05-4206, 2007 WL 4208986 (E.D. La. Nov. 21, 2007); *Gabarick v. Laurin Maritime (America) Inc.*, 2009 WL 102549 (E.D. La. Jan. 12, 2009)).

6

Accordingly,

**IT IS ORDERED** that the Motion for Certification for an Interlocutory Appeal Under 28 U.S.C. 1292(b) is **GRANTED**.

New Orleans, Louisiana, this 15th day of December, 2014.

_____
UNITED STATES DISTRICT JUDGE