UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHUC NGUYEN, ET AL.                          CIVIL ACTION

VERSUS                                       NO. 11-1799
                                             c/w 11-2705
                                             REF ALL CASES

AMERICAN COMMERCIAL LINES, LLC,              SECTION "B"(4)
ET AL.

ORDER AND REASONS

Before the Court is defendants' opposed motion to dismiss claims of 81 plaintiffs for failure to produce tax returns (Rec. Docs. 175, 189, 195). The motion to dismiss addresses a separate issue than the motions for summary judgment; thus, the motions for summary judgment were addressed in a separate ruling. For the reasons discussed below,

IT IS ORDERED that the motion to dismiss claims of 81 plaintiffs for failure to produce tax returns (Rec. Doc. 175) is DENIED.

I.    FACTS AND PROCEDURAL HISTORY

This action arises from the aftermath of a collision between Barge DM-932, a tank barge owned by defendant American Commercial Lines LLC ("ACL"), and the M/V TINTOMARA. Rec. Doc. 175-1 at 1. As a result of the collision on July 23, 2008, oil spilled from Barge DM-93, and therefore, the Mississippi River was closed to vessel traffic from July 23, 2008 to July 28, 2008. Rec. Doc. 178-1 at 20. ACL was the designated "Responsible Party" under the Oil

1

Pollution Act (OPA), 33 U.S.C. § 2701 *et seq.*, meaning regardless of fault, ACL must resolve various third-party claims related to the oil spill. Rec. Doc. 175-1 at 1-2.

Plaintiffs are D&C Seafood, Inc., a seafood wholesaler, and 223 individual plaintiffs—commercial fishers—who harvest and sell seafood in and around the waters off the lower Mississippi River. Rec. Doc. 175-1 at 2. They assert claims against defendants for: (1) damages to real or personal property, (2) loss of subsistence use of natural resources, and (3) loss of profits or impairment of earning capacity. Rec. Doc. 1 at 6.

In August 2016, the Magistrate Judge granted four motions to compel and ordered plaintiffs to properly respond to the defendants' discovery requests no later than forty days of the order. Rec. Doc. 99 at 5. This Court received notice of an automatic stay of proceeding when ACL filed for bankruptcy in February 2020. Without providing any notice of the dissolution of the stay, defendants filed the current motion to dismiss in March 2021.[1]

Defendants move to dismiss the claims of 81 plaintiffs as a sanction under Rule 37(b) of the Federal Rules of Civil Procedure for not complying with the Magistrate Judge's August 30, 2016 discovery order.

---

[1] Defendant's bankruptcy was terminated in July 2020. *See In re American Commercial Lines*, No. 20-30981, (Bankr. S.D. Tex. 2020).

## II. LAW AND ANALYSIS

### A. Rule 37(b) Standard for Claim Dismissal

Under Federal Rule of Civil Procedure 37(b), courts may impose sanctions for failure to obey discovery orders. *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012) (citing Fed. R. Civ. P. 37(b)). District courts have "broad discretion under Rule 37(b) to fashion remedies suited to the misconduct." *Pressey v. Patterson*, 898 F.2d 1018, 1021 (5th Cir. 1990). The most severe sanctions are available to the district court in appropriate cases, but "sanctions should not be used lightly, and should be used as a lethal weapon only under extreme circumstances." *F.D.I.C. v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994) (quoting *EEOC v. Gen. Dynamics Corp.*, 999 F.2d 113, 119 (5th Cir. 1993)).

Dismissal of claims is an appropriate sanction only if several factors are met. First, refusal to comply with the discovery order must be willful or in bad faith, and "accompanied by a clear record of delay or contumacious conduct." *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990). Additionally, the violation of the discovery order must be "attributable to the client instead of the attorney" and this violation "must substantially prejudice the opposing party." *F.D.I.C.*, 20 F.3d at 1380. Lastly, if "a less drastic sanction would substantially achieve the desired deterrent effect," then dismissal is improper. *Id.* at 1381.

3

**B. Defendant's Motion to Dismiss Fails**

Defendants have not proven that a drastic sanction like dismissal is warranted in this case. There is no evidence that plaintiffs acted willfully, in bad faith, or engaged in a clear record of delay or contumacious conduct. Defendants' initial motion to compel states that they seek "tax returns for various years from certain plaintiffs. The plaintiffs' responses do not acknowledge the request. Plaintiffs should be directed to search for documents responsive to this request, and if none exist, state that no responsive documents are in the possession, custody, or control of each individual Plaintiff." Rec Doc. 87-2 at 6. In the August 30, 2016 order, the Magistrate Judge directed plaintiffs to "properly respond to the Defendant's discovery request no later than 40 days of this order." Rec. Doc. 99 at 5. Plaintiffs did indeed respond to defendants' recovery request. They stated that "[t]he plaintiff can only produce those tax returns that he/she has in his/her possession," and offered to provide defendants with a tax authorization form for the plaintiffs who have not provided tax returns. Rec. Doc. 175-1 at 3-4. Regardless of whether plaintiffs should have requested their own tax returns from the IRS, in lieu of providing defendants with a tax authorization form, plaintiff did respond to defendants' discovery request as compelled by the August 30, 2016 discovery order. Defendants have not shown that plaintiffs' decision to provide tax authorization

forms, rather than contact the IRS themselves, was a decision made in bad faith. Providing a tax authorization form in response to an order compelling tax returns can be a proper reply. *See EEOC v. Columbia Sussex Corp.*, No. 07-701-JJB-DLD, 2009 WL 10679322, at *4 (M.D. La. Aug. 3, 2009) (granting defendant's motion to compel plaintiff's tax returns by requiring plaintiff to produce either a signed authorization or the actual tax returns). A motion to dismiss is not an appropriate sanction when a perceived failure to comply with a discovery order could amount to a misunderstanding of what was required from the order. *See Chisesi v. AAA Auto Club Fam. Ins. Co.*, No. 08-3707, 2009 WL 2447791, at *3 (E.D. La. Aug. 10, 2009).

Furthermore, defendants did not explain why a lesser sanction would not substantially achieve the desired deterrent effect. Plaintiffs have not deliberately and repeatedly refused to comply with discovery orders nor have monetary sanctions been previously ordered and ignored. *See Pegues v. PGW Auto Glass, LLC*, 451 Fed. App'x 417, 418 (5th Cir. 2011); *Chisesi*, 2009 WL 2447791, at *3. There is no reason that a lesser sanction would not be appropriate, if indeed a sanction is warranted at all.

**C. Defendant's Motion Was Not Timely**

Even if dismissal was an appropriate sanction in this case, defendants' motion is untimely. A failure to promptly enforce discovery rights can constitute a waiver of such rights. *See*

*Turnage v. Gen. Elec. Co.*, 953 F.2d 206, 209 (5th Cir. 1992) (dismissing a request for further discovery when the plaintiff failed to make the request earlier); *see also Zubarik v. Rubloff Dev. Grp., Inc.*, No. 3:05-CV-05-1491-P (BH), 2007 WL 9712168, at *2 (N.D. Tex. June 14, 2007). The party requesting discovery "must protect himself by timely proceeding with the motion to compel. If he fails to do so, he acts at his own peril." *Days Inn Worldwide, Inc. v. Sonia Invs.*, 237 F.R.D. 395, 399 (N.D. Tex. 2006); *see also* 8B Charles Alan Wright, Arthur R. Miller, and Richard L. Marcus, *Federal Practice and Procedure* § 2285 (3d ed. 2021) ("[L]ong delays in seeking a court order may weaken or undermine the argument that the additional discovery is important. . . . [T]imeliness is an important consideration.").

Here, defendants waited almost five years to file this motion seeking sanctions for plaintiffs' perceived failure to comply with the August 30, 2016 discovery order. *See* Rec. Doc. 175-1 at 3. Defendants provide no explanation for why they waited so long to seek relief after the Magistrate Judge's forty-day deadline expired. Even if this Court considers that the proceedings in this case were stayed on February 11, 2020, defendants did not further petition the court for plaintiffs' tax returns at any time between August 2016 and February 2020. *See* Rec. Doc. 174. Defendants may have had a valid claim that according to Rule 34(a) of the Federal Rules of Civil Procedure, plaintiffs tax returns were under their

6

"possession, custody, or control," and thus, plaintiffs should have obtained them from the IRS and provided them to defendants. *See Hebert v. Allstate Indem. Co.*, No. 06-3419-MVL-SS, 2008 WL 11353625, at *3 (E.D. La. Mar. 20, 2008). However, defendants waited too long to bring this issue before the court. **Nevertheless, plaintiffs shall provide defendants with written authorization for defendants to obtain plaintiff's state and federal tax returns no later than November 19, 2021. Failure to timely comply with the latter directive will lead to dismissal of claims by non-compliant plaintiffs.**

New Orleans, Louisiana this 3rd day of November, 2021

SENIOR UNITED STATES DISTRICT JUDGE