UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CHUC NGUYEN ET AL.**  **CIVIL ACTION**

**VERSUS**  **NO. 11-1799**
**c/w 11-2705**

**AMERICAN COMMERCIAL**  **SECTION "B"(4)**
**LINES, LLC ET AL.**

**ORDER AND REASONS**

Before the Court are defendant American Commercial LLC's motion to dismiss claims for failure to prosecute (Rec. Doc. 201), plaintiffs'[1] opposition (Rec. Doc. 212), and defendant's reply (Rec. Doc. 213). For the reasons discussed below,

**IT IS ORDERED** that defendant American Commercial LLC's motion to dismiss claims for failure to prosecute (Rec. Doc. 201) is **DENIED** without prejudice to reurge.

**IT IS FURTHER ORDERED** that, **no later than August 12, 2024**, plaintiffs identified shall submit tax return-related discovery to defendant, namely, any outstanding 2008 and 2009 federal and state tax returns. **Failure to timely comply with the latter directive will lead to dismissal of claims by non-compliant plaintiffs**.

**IT IS FURTHER ORDERED** that, **no later than June 26, 2024**, parties shall jointly file into the record memoranda not longer than eight pages on the issue of whether this case should be reopened and set for pre-trial conference and trial dates.

I.   **FACTS AND PROCEDURAL HISTORY**

---

[1] As of March 19, 2024, plaintiffs Chuc Nguyen, Dien Nguyen, Ky V. Le, Hoang Phan, and Son V. Le are represented by different counsel from that of opposing plaintiffs. *See* Rec. Doc. 203. ACL does not bring its instant motion to dismiss against the above-named plaintiffs: "By this motion, ACL does not seek to dismiss the claims of of [sic] Chuc Nguyen, Dien Nguyen, Ky Le, Hoang Phan, and Son V. Le, as these plaintiffs have recently appointed new counsel to represent them." Rec. Doc. 201 at 4. For purposes of this Order and Reasons, opposing plaintiffs will simply be referred to as "plaintiffs." Where a distinction is necessary, plaintiffs Chuc Nguyen, Dien Nguyen, Ky V. Le, Hoang Phan, and Son V. Le will be referred to as "Thomas plaintiffs," in reference to their newly enrolled counsel, Vladimir Thomas.

1

This action arises out of the aftermath of a collision between Barge DM-932, a tank barge owned by defendant American Commercial Lines LLC ("ACL"), and the M/V TINTOMARA. Rec. Doc. 1 at 4. As a result of the collision on July 23, 2008, oil spilled from Barge DM-93, closing the Mississippi River to vessel traffic from July 23, 2008 to July 28, 2008. Rec. Doc. 178-11 at 8 (ACL statement of uncontested material facts). ACL was the designated the "Responsible Party" under the Oil Pollution Act (OPA), 33 U.S.C. § 2701 *et seq.*, meaning regardless of fault, ACL must resolve various third-party claims related to the oil spill. Rec. Doc. 175-1 at 1–2 (ACL statement of uncontested material facts).

Filers were two hundred sixty-nine (269) plaintiffs, including seafood wholesalers and individual commercial fishers—all who harvest and sell seafood in and around the waters off the lower Mississippi River. Rec. Doc. 1 at 5. They asserted claims against defendants for: (1) damages to real or personal property, (2) loss of subsistence use of natural resources, and (3) loss of profits or impairment of earning capacity. Rec. Doc. 1 at 6.

Plaintiffs and causes of action have been whittled down some during the nearly thirteen years of litigation. In December of 2015, pursuant to the Fifth Circuit's ruling on presentment requirements through the OPA, claims of twenty-four (24) plaintiffs were dismissed "for failure to file prior to the 90-day presentment window." *See* Rec. Doc. 80 at 1–2. The following year, in December of 2016, the claims of an additional twenty-two (22) plaintiffs were dismissed for failure "to show any attempt to assert claims by timely complying with court orders designated to facilitate prosecution of their claims." *See* Rec. Doc. 121 at 1. Specifically, these plaintiffs failed to provide signed interrogatories or a verification of their answers beyond the deadline established by Magistrate Judge Roby in response to four motions to compel from defendant. *See* Rec. Doc. 104-1 at 5–6; Rec. Doc. 99. Remaining plaintiffs waived their claims to personal property damages in

November of 2021. *See* Rec. Doc. 197 at 9.

In December of 2015, parties jointly moved for the matter to be statistically closed, while discovery proceeded according to an agreed-upon schedule. *See* Rec. Doc. 77. The Court so ordered. *See* Rec. Doc. 81. Later, in February of 2020, this Court received notice of an automatic stay of proceedings when ACL filed for bankruptcy. Rec. Doc. 174. Without providing any notice of the dissolution of the stay, defendant filed a motion to dismiss, *see* Rec. Doc. 175, and two motions for summary judgment, *see* Rec. Docs. 177 and 178, in March 2021.[2]

Pertinent to the instant motion, this Court denied defendant's motion to dismiss eighty-one (81) plaintiffs for failure to produce tax returns. *See* Rec. Doc. 196. Debate centered around Magistrate Judge Roby's aforementioned Order, wherein she required discovery production within forty (40) days of her August 30, 2016 ruling. *See* Rec. Doc. 99. Defendant based its motion to dismiss on the missing tax returns, at that point five years late. We rejected the argument, finding no evidence for plaintiffs' willful or bad faith actions, much less that sufficient to warrant case dismissal. *See* Rec. Doc. 196 at 4. Moreover, defendant's motion was deemed untimely:

> [D]efendants waited almost five years to file this motion seeking sanctions for plaintiffs' perceived failure to comply with the August 30, 2016 discovery order. See Rec. Doc. 175-1 at 3. Defendants provide no explanation for why they waited so long to seek relief after the Magistrate Judge's forty-day deadline expired. Even if this Court considers that the proceedings in this case were stayed on February 11, 2020, defendants did not further petition the court for plaintiffs' tax returns at any time between August 2016 and February 2020.

*Id.* at 6. To resolve the tax-return impasse, this Court ordered that "**plaintiffs shall provide defendants with written authorization for defendants to obtain plaintiff's state and federal tax returns no later than November 19, 2021.**" *Id.* at 7 (emphasis in original). We concluded that providing a tax return authorization form, rather than the tax return itself, would meet the

---

[2] Defendant's bankruptcy was terminated in July 2020. *See In re American Commercial Lines*, No. 20-30981, (Bankr. S.D. Tex. 2020).

needs of discovery. *Id.* at 4–5 (citing *EEOC v. Columbia Sussex Corp.*, No. 07-701, 2009 WL 10679322, at *4 (M.D. La. Aug. 3, 2009)). Subsequently, upon plaintiffs' motion, the Court extended the production deadline to December 10, 2021. Rec. Doc. 199. In our Order and Reasons, we specified the consequences of non-compliance: "**Failure to timely comply with the latter directive will lead to dismissal of claims by non-compliant plaintiffs.**" Rec. Doc. 196 at 7 (emphasis in original).

Two years and four months after the expiration of this deadline, defendant now moves to dismiss for plaintiffs' failure to prosecute, as a general matter, and for seventy-nine (79) plaintiffs' failure to provide 2008 and 2009 tax returns specifically.[3] Rec. Doc. 201. However, five plaintiffs—Chuc Nguyen, Dien Nguyen, Ky Le, Hoang Phan, and Son V. Le (collectively

---

[3] Defendant states "there are 235 plaintiffs in this action" subject to dismissal. Rec. Doc. 201 at 1–4. Its list, although well-intentioned, is dubious. First, its description of the constellation of claimants is at odds with its last dispositive submission to the Court. *See* Rec. Doc. 178 at 1 (describing 225 claimants). Second, and more significantly, the list is at odds with the docket sheet. A series of plaintiffs are duplicated on defendant's list:
- 63., 129. Hien V Vo
- 64., 133. Thich Van Tran
- 65., 185 Berlin Moreau, Jr.
- 67., 222. Krol Sode
- 68., 134. Nhieu Tran
- 69., 150. Hoang V Huynh
- 70., 197 Nathan Creppel
- 71., 221. Thanh V Vo
- 72., 225. Mike P Tran
- 73., 154. Henry T. Nguyen
- 74., 210. Helen Drury
- 75., 211. Patrick Hue
- 76., 126. Nuong Nguyen
- 77., 144. Hua Nguyen
- 78., 235. Matthew Lepetich
- 79., 233. Jerome Jones

*See* Rec. Doc. 201 at 1–4. Further, although "Thanh V. Nguyen" is listed twice as a plaintiff on the docket sheet, the entry is produced three times on defendant's list. *Id.* at 2–3 (numbers 66., 117., and 205.). Defendant's list also contains various misspellings, which the Court attempted to associate with named plaintiffs:
- 3. Lanh V Phan, likely intended as plaintiff Linh V Phan
- 183. Van II. Nguyen, likely Van H. Nguyen
- 189. Than Van, likely Than Van Do
- 213. kyCuong Nguyen, likely Cuong Nguyen

*Id.* at 1–3. Finally, defendant lists "181. True T Nguyen." *Id.* at 3. Unlike other possible misspellings, no named plaintiff is narrowly missed by defendant's naming. Perhaps defendant intends "Truc Trung Nguyen," who is a named plaintiff absent from the 235-name listing. Regardless, the many mistakes are concerning in a thirteen-year-old litigation currently engaged in a discovery dispute.

"Thomas plaintiffs")—are excepted from defendant's instant motion, because "these plaintiffs have recently appointed new counsel to represent them." *Id.* at 4. Remaining plaintiffs oppose.

## II. LAW AND ANALYSIS

### A. Federal Rule of Civil Procedure 37(b) Standard for Claim Dismissal

Under Federal Rule of Civil Procedure 37(b), courts may impose sanctions for failure to obey discovery orders. *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012) (citing Fed. R. Civ. P. 37(b)). District courts have "broad discretion under Rule 37(b) to fashion remedies suited to the misconduct." *Pressey v. Patterson*, 898 F.2d 1018, 1021 (5th Cir. 1990). Federal district courts have inherent power to issue sanctions, but that power "must be exercised 'with restraint and discretion.'" *Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1406 (5th Cir. 1993) (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980)). The Fifth Circuit characterizes such power as a "limited source," not "a broad reservoir of power, ready at an imperial hand." *NASCO, Inc. v. Calcasieu Television & Radio, Inc.*, 894 F.2d 696, 701 (5th Cir. 1990).

The most severe sanctions are available to the district court in appropriate cases, but "sanctions should not be used lightly, and should be used as a lethal weapon only under extreme circumstances." *F.D.I.C. v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994) (quoting *EEOC v. Gen. Dynamics Corp.*, 999 F.2d 113, 119 (5th Cir. 1993)). Dismissal of claims is the most severe sanction and is appropriate only if several factors are met. First, refusal to comply with the discovery order must be willful or in bad faith, and "accompanied by a clear record of delay or contumacious conduct." *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990). Additionally, the violation of the discovery order must be "attributable to the client instead of the attorney[,]" and this violation "must substantially prejudice the opposing party." *F.D.I.C.*, 20 F.3d

at 1380. Lastly, if "a less drastic sanction would substantially achieve the desired deterrent effect," then dismissal is improper. *Id.* at 1381 (citation omitted).

Defendant has not shown a drastic sanction like dismissal is warranted in this case. There is no evidence that plaintiffs themselves acted willfully, in bad faith, or engaged in a clear record of delay or contumacious conduct. However, this ruling puts them on notice that they will be held accountable moving forward for their attorneys' noncompliance with court orders, given their attorneys' record of missing court-ordered deadlines.

Our previous Order and Reasons provided parties with a clear resolution for the tax-return debate, ordering that "**plaintiffs shall provide defendants with written authorization for defendants to obtain plaintiff's state and federal tax returns no later than November 19, 2021.**" Rec. Doc. 196 at 7 (emphasis in original). Defendant does not contend plaintiffs were non-compliant with this order: "By mid-January of 2022, the plaintiffs had produced all of the state and federal authorizations for the 2008 and 2009 tax returns." Rec. Doc. 201-1 at 2. Defendant's difficulty, rather, occurred with the authorizations themselves. Defendant now claims to have "learned that the IRS had changed its regulations to state that tax returns would only be sent to the taxpayer." *Id*. Without requesting the aid of this Court during the intervening twenty-eight (28) months, defendant requests dismissal of the claims of seventy-nine (79) plaintiffs for whom defendant does not pertinent tax return information. *See id.* at 2–3.

The request is confounding. In response to this same issue—then being litigated five years after Judge Roby's Order to compel—we determined over two years ago that plaintiffs "did indeed respond to defendants' recovery request." Rec. Doc. 196 at 4. This Court has already warned defendant of the possible consequences of taking such an inordinate amount of time to act:

> A failure to promptly enforce discovery rights can constitute a waiver of such rights. *See Turnage v. Gen. Elec. Co.*, 953 F.2d 206, 209 (5th Cir. 1992) (dismissing a

6

request for further discovery when the plaintiff failed to make the request earlier); *see also Zubarik v. Rubloff Dev. Grp., Inc.*, No. 3:05-CV-05-1491-P (BH), 2007 WL 9712168, at *2 (N.D. Tex. June 14, 2007). The party requesting discovery "must protect himself by timely proceeding with the motion to compel. If he fails to do so, he acts at his own peril." *Days Inn Worldwide, Inc. v. Sonia Invs.*, 237 F.R.D. 395, 399 (N.D. Tex. 2006); *see also* 8B Charles Alan Wright, Arthur R. Miller, and Richard L. Marcus, *Federal Practice and Procedure* § 2285 (3d ed. 2021) ("[L]ong delays in seeking a court order may weaken or undermine the argument that the additional discovery is important. . . . [T]imeliness is an important consideration.").

*Id.* at 5–6. Dismissal of the claims of the seventy-nine (79) plaintiffs who provided tax return authorizations is not warranted.

### B. Federal Rule of Civil Procedure 41(b) Standard for Dismissal for Failure to Prosecute

Defendant also more broadly seeks dismissal of claims of all but five plaintiffs due to failure to prosecute. Federal Rule of Civil Procedure 41(b) authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with a court order. *See Long v. Simmons*, 77 F.3d 878, 879 (5th Cir. 1996) (citation omitted). Where a dismissal without prejudice would effectively bar future litigation on a claim because of the applicable statute of limitations, the dismissal is assessed under the more demanding "with prejudice" standard. *See Berry v. Cigna/RSI–Cigna,* 975 F.2d 1188, 1191 (5th Cir. 1992). The dismissal with prejudice standard mirrors that for sanctionable conduct, namely, appropriate only on a showing that (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) lesser sanctions would not serve the best interests of justice. *Id.* (citations omitted).

Here, defendant argues that dismissal for failure to prosecute is appropriate because "the deadline for discovery has long expired and the expert reports have been exchanged." Rec. Doc. 201-1 at 3. Defendant is correct that plaintiffs have not aggressively pursued their rights in this litigation. Indeed, plaintiffs' claims would be time-barred now. Defendant, however, omits its role in moving to statistically close this case and ignores its notice of an automatic stay pending its

7

bankruptcy proceedings. *See* Rec. Docs. 77 and 174. Further, defendant's motion to dismiss does not extend to the Thomas plaintiffs, because "these plaintiffs have recently appointed new counsel to represent them." Rec. Doc. 201 at 4. New counsel for the Thomas plaintiffs enrolled on March 19, 2024. *See* Rec. Doc. 203 (motioning on March 18, 2024). New counsel for the remaining plaintiffs enrolled on April 8, 2024 (motioning on March 21, 2024). *See* Rec. Doc. 210. We, again, observe no clear record of delay attributable to plaintiffs themselves—rather than plaintiffs' counsel—in this matter. The best interests of justice, moreover, are not served by dismissal of the action—much less of the claims of all plaintiffs who motioned three days later for counsel enrollment.

### C. Need for Tax Return Discovery

Refusing to dismiss this action, we return to the same issue encountered over two years ago: defendant's request for tax-return information. Plaintiffs argue the tax returns are not needed to prove their damages, according to previous rulings:

> In 2014, ACL sought summary judgment, arguing that plaintiffs failed to submit adequate documentation to support their claims, including 2007 and 2008 tax returns requested by ACL's administrator. Rec. Doc. 51. This Court and the Fifth Circuit Court of Appeal [sic] disagreed with ACL's argument, finding plaintiffs provided all that the OPA requires of them to support their claims for damages against ACL. Rec. Docs. 61 and 72.

Rec. Doc. 212 at 7. Plaintiffs overstate the support of their contention in the record. First, the issue before this Court on the motion for summary judgment and the Fifth Circuit's review of same was whether plaintiffs' claims failed based on the OPA's presentment requirements. *See* Rec. Doc. 61 at 3. The Fifth Circuit's affirmance of our Order and Reasons on the issue emphasized its narrow applicability to presentment requirements. *See* Rec. Doc. 72 at 10–11. With those OPA requirements established, the Fifth Circuit noted the possibilities open to defendant: "If ACL was not satisfied with the amount of information it received from the claimants, it remained free to

determine it did not want to settle, deny the claims, and proceed to litigation where it would have access to the discovery process in the district court." *Id.* at 13. Rather than ruling tax return information as "not necessary," *see* Rec. Doc. 212 at 6, the Fifth Circuit determined their import at the discovery, and not presentment, stage.

Second, in our most recent Order and Reasons, we concluded that providing a tax authorization form, rather than the tax return itself, would meet the needs of discovery. Rec. Doc. 196 at 4–5 (citing *EEOC v. Columbia Sussex Corp.*, No. 07-701, 2009 WL 10679322, at *4 (M.D. La. Aug. 3, 2009)). Defendants now aver authorization forms do not provide a third party with tax return information. *See* Rec. Doc. 201-1 at 2.

The Fifth Circuit has determined that tax returns are discoverable where (1) they are relevant and (2) there is a compelling need for their information. *Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1411 (5th Cir. 1993) (citation omitted). Louisiana federal courts have found tax returns relevant for wage loss claims. *See Campos v. Zurich Am. Ins. Co.*, No. 2:21-3923, 2022 WL 3647722, at *4 (W.D. La. Aug. 24, 2022); *Equal Emp. Opportunity Comm'n v. Columbia Sussex Corp.*, No. 07-701, 2009 WL 10679322, at *4 (M.D. La. Aug. 3, 2009); *Thai v. Miller Truck Lines, Inc.*, No. 05-1958, 2006 WL 2349605, at *1 (W.D. La. Aug. 11, 2006). Once relevancy is shown, "the burden shifts to the party opposing production to show that other sources exist from which the information contained in the income tax returns may be readily obtained." *F.D.I.C. v. LeGrand*, 43 F.3d 163, 172 (5th Cir. 1995).

Here, plaintiffs claim loss of profits or impairment of earning capacity. *See* Rec. Doc. 1 at 6. Tax returns, therefore, are manifestly relevant. Previously, plaintiffs argued disclosed dock receipts satisfied defendant's discovery needs. *See* Rec. 189 at 2. Our previous Order and Reasons ignored the argument. *See* Rec. Doc. 196. Instead, to resolve the then-five-year-old discovery

dispute, we noted that plaintiffs had provided the tax returns in their possession and had offered to provide tax authorization forms. *See id.* at 4. The tax authorization forms have not supplied the needed information. As such, recognizing litigation delays attributable to counsel of both sides, we provide a final opportunity for plaintiffs to supply the highly relevant information that cannot be readily obtained otherwise. Failure to do so will lead to dismissal of the claims of any of the seventy-nine (79) identified plaintiffs who remain noncompliant. *See* Rec. Doc. 201.

New Orleans, Louisiana this 12th day of June, 2024

_____
SENIOR UNITED STATES DISTRICT JUDGE