UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHUC NGUYEN ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-1799** |
| **AMERICAN COMMERCIAL LINES, INC. ET AL** | **SECTION "B"(4)** |

## ORDER AND REASONS

Before the Court are plaintiffs'[1] motion to partially reconsider order [#214] and to extend deadline (Rec. Doc. 216), defendant American Commercial Lines LLC's ("ACL") response (Rec. Doc. 217), and plaintiffs' reply (Rec. Doc. 218). For the following reasons,

**IT IS ORDERED** that plaintiffs' motion to partially reconsider order [#214] and to extend deadline (Rec. Doc. 216) is **GRANTED in part as follows:** (1) to allow plaintiffs an additional sixty (60) days to produce their 2008 and 2009 tax returns. Self-authenticated tax transcripts shall be produced in the event tax returns are unavailable **but only with affidavits** from taxpayers explaining under oath why their tax returns are unavailable; and (2) the twenty-eight plaintiffs listed on plaintiffs' Exhibits E (Rec. Doc. 216-6, yellow highlighted names) and F (Rec. Doc. 216-7, listing 28 names), who were not served with requests for production for their 2008 tax returns, will not be subject to dismissal for failure to provide a 2008 tax return. In all other respects, plaintiffs' motion is **DENIED.**

## FACTS AND PROCEDURAL HISTORY

This action arises out of the aftermath of a collision between Barge DM-932, a tank barge owned by defendant American Commercial Lines LLC ("ACL"), and the M/V TINTOMARA. Rec. Doc. 1 at 4. As a result of the collision on July 23, 2008, oil spilled from Barge DM-93,

---

[1] Except those plaintiffs represented by Vladmir Thomas (collectively "Thomas plaintiffs").

1

closing the Mississippi River to vessel traffic from July 23, 2008 to July 28, 2008. Rec. Doc. 178-11 at 8 (ACL statement of uncontested material facts). ACL was designated the "Responsible Party" under the Oil Pollution Act (OPA), 33 U.S.C. § 2701 *et seq.*, meaning regardless of fault, ACL must resolve various third-party claims related to the oil spill. Rec. Doc. 175-1 at 1–2 (ACL statement of uncontested material facts).

Filers were two hundred sixty-nine (269) plaintiffs, including seafood wholesalers and individual commercial fishers—all who harvest and sell seafood in and around the waters off the lower Mississippi River. Rec. Doc. 1 at 5. They asserted claims against defendants for: (1) damages to real or personal property, (2) loss of subsistence use of natural resources, and (3) loss of profits or impairment of earning capacity. Rec. Doc. 1 at 6.

In December of 2015, parties jointly moved for the matter to be statistically closed, while discovery proceeded according to an agreed schedule. *See* Rec. Doc. 77. The Court so ordered. *See* Rec. Doc. 81. Later, in February of 2020, this Court received notice of an automatic stay of proceedings when ACL filed for bankruptcy. Rec. Doc. 174. Without providing any notice of the dissolution of the stay, defendant filed a motion to dismiss, *see* Rec. Doc. 175, and two motions for summary judgment, *see* Rec. Docs. 177 and 178, in March 2021.[2]

On November 3, 2021, this Court denied defendant's motion to dismiss eighty-one (81) plaintiffs for failure to produce tax returns. *See* Rec. Doc. 196. Debate centered around Magistrate Judge Roby's aforementioned Order, wherein she required discovery production within forty (40) days of her August 30, 2016 ruling. *See* Rec. Doc. 99. Defendant based its motion to dismiss on the missing tax returns, at that point five years late. We rejected the argument, finding no evidence for plaintiffs' willful or bad faith actions, much less that to warrant case dismissal. *See* Rec. Doc.

---

[2] Defendant's bankruptcy was terminated in July 2020. *See In re American Commercial Lines*, No. 20-30981, (Bankr. S.D. Tex. 2020).

196 at 4. Moreover, defendant's motion was deemed untimely:

> [D]efendants waited almost five years to file this motion seeking sanctions for plaintiffs' perceived failure to comply with the August 30, 2016 discovery order. See Rec. Doc. 175-1 at 3. Defendants provide no explanation for why they waited so long to seek relief after the Magistrate Judge's forty-day deadline expired. Even if this Court considers that the proceedings in this case were stayed on February 11, 2020, defendants did not further petition the court for plaintiffs' tax returns at any time between August 2016 and February 2020.

*Id.* at 6. To resolve the tax-return impasse, this Court ordered that "**plaintiffs shall provide defendants with written authorization for defendants to obtain plaintiff's state and federal tax returns no later than November 19, 2021.**" *Id.* at 7. We concluded that providing a tax return authorization form, rather than the tax return itself, would meet the needs of discovery. *Id.* at 4–5 (citing *EEOC v. Columbia Sussex Corp.*, No. 07-701, 2009 WL 10679322, at *4 (M.D. La. Aug. 3, 2009)). Subsequently, upon plaintiffs' motion, the Court extended the production deadline to December 10, 2021. Rec. Doc. 199. In our Order and Reasons, we specified the consequences of non-compliance: "**Failure to timely comply with the latter directive will lead to dismissal of claims by non-compliant plaintiffs.**" Rec. Doc. 196 at 7 (emphasis in original).

Two years and four months after the expiration of the deadline, defendant moved to dismiss for plaintiffs' failure to prosecute, as a general matter, and for seventy-nine (79) plaintiffs' failure to provide 2008–2009 tax returns specifically.[3] Rec. Doc. 201. However, five plaintiffs—Chuc

---

[3] Defendant states "there are 235 plaintiffs in this action" subject to dismissal. Rec. Doc. 201 at 1–4. Its list, although well-intentioned, needs clarification. First, its description of the constellation of claimants is at odds with its last dispositive submission to the Court. *See* Rec. Doc. 178 at 1 (describing 225 claimants). Second, and more significantly, the list is at odds with the docket sheet. A series of plaintiffs are duplicated on defendant's list:

    63., 129. Hien V Vo
    64., 133. Thich Van Tran
    65., 185 Berlin Moreau, Jr.
    67., 222. Krol Sode
    68., 134. Nhieu Tran
    69., 150. Hoang V Huynh
    70., 197 Nathan Creppel
    71., 221. Thanh V Vo
    72., 225. Mike P Tran
    73., 154. Henry T. Nguyen

Nguyen, Dien Nguyen, Ky Le, Hoang Phan, and Son V. Le (collectively "Thomas plaintiffs")—were excepted from defendant's motion, because "these plaintiffs have recently appointed new counsel to represent them." *Id.* at 4. Remaining plaintiffs so opposed.

On June 12, 2024, this Court denied defendant's motion to dismiss claims for failure to prosecute without prejudice. Rec. Doc. 214. The Court ordered that subject plaintiffs submit 2008 and 2009 federal and state tax returns no later than August 12, 2024, cautioning, **"[f]ailure to timely comply with the latter directive will lead to dismissal of claims by non-compliant plaintiffs."** Rec. Doc. 214 at 1 (emphasis in original).

On June 24, 2024, parties submitted joint memorandum regarding whether this case should be reopened and set for pre-trial conference and trial dates. Rec. Doc. 215. The Thomas plaintiffs indicated that "they have completed discovery and are ready for trial." Rec. Doc. 215 at 1. All other plaintiffs indicated the same. *Id.* at 2. On the other hand, defendant ACL averred that discovery is not complete and that to reopen the case is premature until those plaintiffs identified in Order #214 submitted tax-related discovery, namely, any outstanding 2008 and 2009 federal and state tax returns. *Id.* On August 9, 2024, the eve of the deadline for subject plaintiffs to produce

---

> 74., 210. Helen Drury
> 75., 211. Patrick Hue
> 76., 126. Nuong Nguyen
> 77., 144. Hua Nguyen
> 78., 235. Matthew Lepetich
> 79., 233. Jerome Jones

*See* Rec. Doc. 201 at 1–4. Further, although "Thanh V. Nguyen" is listed twice as a plaintiff on the docket sheet, the entry is produced three times on defendant's list. *Id.* at 2–3 (numbers 66., 117., and 205.). Defendant's list also contains various misspellings, which the Court attempted to associate with named plaintiffs:

> 3. Lanh V Phan, likely intended as plaintiff Linh V Phan
> 183. Van II. Nguyen, likely Van H. Nguyen
> 189. Than Van, likely Than Van Do
> 213. kyCuong Nguyen, likely Cuong Nguyen

*Id.* at 1–3. Finally, defendant lists "181. True T Nguyen." *Id.* at 3. Unlike other possible misspellings, no named plaintiff is narrowly missed by defendant's naming. Perhaps defendant intends "Truc Trung Nguyen," who is a named plaintiff absent from the 235-name listing. Regardless, the many mistakes are concerning in a thirteen-year-old litigation currently engaged in a discovery dispute.

4

2008 and 2009 federal and state tax returns, plaintiffs filed the instant motion for the Court to partially reconsider Order #214 and to extend the deadline for subject plaintiffs to produce 2008 federal tax returns or transcripts. *See* Rec. Doc. 216.

## LAW AND ANALYSIS

### A. Motion for Reconsideration under Fed. R. Civ. P. 60(b), *Generally*

"Federal Rule of Procedure 60(b) permits 'a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances.'" *Kemp v. United States*, 596 U.S. 528, 533 (2022) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005)). "Under Rule 60(b)(1), a party may seek relief based on 'mistake, inadvertence, surprise, or excusable neglect.'" *Id.* "Rules 60(b)(2) through (b)(5) supply other grounds for reopening a judgment." *Id.* "Finally, Rule 60(b)(6) provides a catchall for 'any other reason that justifies relief.'" *Id.* "To that end, relief under Rule 60(b) 'requires a showing of manifest injustice and will not be used to relieve a party from the free, calculated, and deliberate choices he has made.'" *Dillon v. Martin*, No. 23-1727, 2024 WL 2110130, at *4 (E.D. La. May 10, 2024) (citing *Gabriel v. Am. Sec. Ins. Co.*, No. 23-1333, 2023 WL 6160915, at *3 (E.D. La. Sept. 21, 2023)).

In addition to the aforementioned grounds for relief, the Fifth Circuit has "delineated factors that should inform the district court's consideration of a motion under Rule 60(b):

> (1) That final judgments should not lightly be disturbed;
> (2) that the Rule 60(b) motion is not to be used as a substitute for appeal;
> (3) that the rule should be liberally construed in order to achieve substantial justice;
> (4) whether the motion was made within a reasonable time;
> (5) whether if the judgment was a default or a dismissal in which there was no consideration of the merits the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense;
> (6) whether if the judgment was rendered after a trial on the merits the movant had a fair opportunity to present his claim or defense;
> (7) whether there are intervening equities that would make it inequitable to grant relief; and

5

(8) any other factors relevant to the justice of the judgment under attack."

*Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. Unit A 1981). "These factors are to be considered in the light of the great desirability of preserving the principle of the finality of judgments." *Id.* (quoting *United States v. Gould*, 301 F.2d 353, 355-56 (5th Cir. 1962)).

### B. Motion for Reconsideration under Fed. R. Civ. P. 60(b)(6)

Rule 60(b)(6) is an omnibus clause designed "to cover unforeseen contingencies—a means to accomplish justice under exceptional circumstances." *In re FEMA Trailer Formaldehyde Products Liability Litigation*, MDL No. 07–1873, 2012 WL 27673, at *5 (E.D. La. Jan. 5, 2012) (citing *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 357 (5th Cir. 1993)). To justify relief under this clause, "a party must show 'extraordinary circumstances' suggesting that the party is faultless in the delay. *See id.* (citing *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 393 (1993)). If a party is partly to blame for the delay, relief must be sought under Rule 60(b)(1) and subsection (6) will not afford relief. *See id.* (citing same). However, "[t]he Fifth Circuit has stated that where a party submits previously undisclosed evidence that is 'so central to the litigation that it shows the initial judgment to have been manifestly unjust,' relief under [R]ule 60(b)(6) may be proper 'even though the original failure to present that information was inexcusable.'" *Id.* (quoting *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980) (citation omitted)). Nevertheless, "[t]he last reason under Rule 60(b)(6) is available only when Rules 60(b)(1) through (b)(5) are inapplicable." *Dillon v. Martin*, No. 23-1727, 2024 WL 2110130 (E.D. La. May 10, 2024) (first citing *Gabriel v. Am. Sec. Ins. Co.*, No. 23-1333, 2023 WL 6160915, at *3 (E.D. La. Sept. 21, 2023); then citing *Kemp v. United States*, 596 U.S. 528, 533 (2022)).

Here, plaintiffs request the Court to modify Order #214 in four respects pursuant to Rule 60(b)(1) and (6). *See* Rec. Doc. 216-1 at 5. Alternatively, plaintiffs request relief under Rule 60(d)(1), which allows a court to "entertain an independent action to relieve a party from a judgment, order, proceeding[.]" Fed. R. Civ. P. 60(d)(1). Based on parties' record of delay regarding discovery in this matter, the Court forgoes entertaining an independent action. More specifically, the Court evaluates the motion for reconsideration under Rule 60(b)(1) rather than 60(b)(6) due to plaintiffs themselves being partly to blame for the delay in producing discovery in this matter. Plaintiffs' arguments rely upon "mistake, inadvertence, surprise, or excusable neglect" and fail to present new evidence that is "so central to the litigation that it shows the initial judgment to have been manifestly unjust," therefore, Rule 60(b)(6) is inapplicable. *See* Fed. R. Civ. P. 60(b)(1); *see Good Luck Nursing Home, Inc.*, 636 F.2d at 577.

### C. Motion for Reconsideration pursuant to Fed. R. Civ. P. 60(b)(1)

"Rule 60(b)(1) allows relief for 'mistake, inadvertence . . . or excusable neglect,' however, these terms are not 'wholly open-ended.'" *Pryor v. U.S. Postal Service*, 769 F.2d 218, 287 (5th Cir. 1985) (citation omitted). Gross carelessness, ignorance of the rules, nor is ignorance of the law sufficient to satisfy Rule 60(b)(1). *See id.* "[A] party has a duty of diligence to inquire about the status of a case, and Rule 60(b) relief will be afforded only in 'unique circumstances.'" *Id.* (citation omitted). To the extent plaintiffs seek reconsideration under Rule 60(b)(1), the Fifth Circuit has held that plaintiffs "must make some showing of why [they were] justified in failing to avoid the mistake or inadvertence." *Ford v. British Petroleum*, No. 12-965, 2014 WL 6389974, at *7 (E.D. La. Nov. 14, 2014) (quoting *Chick Kam Choo v. Exxon Corp.*, 699 F.2d 693, 695 (5th Cir. 1983) (citation omitted)). "Insufficient showings for relief . . . include when the party or attorney did not act diligently to discover the purported mistake, did not proceed with the case, did

7

not keep track of its progress, or failed to comply with an order of the court, all of which are viewed as culpable conduct of the party." Charles A. Wright & Arthur R. Miller et al., 11 Federal Practice and Procedure § 2858 (3d. Ed. 2024)).

**D. Modification of Order #214 as to only require production of plaintiffs' 2008 tax returns or tax transcripts**

First, plaintiffs contend that Order #214 should be modified as to only require the production of plaintiffs' 2008 tax returns or tax transcripts, rather than plaintiffs' 2008 and 2009 federal and state tax returns. *See* Rec. Doc. 216-1 at 5-7. Plaintiffs aver that defendant ACL failed to seek production of 2009 tax records from any plaintiff in its discovery requests or motions to compel prior to March 2024. *See id.* at 5-6. Plaintiffs distinguish the instant tax-impasse with the circumstances found in *Coane v. Ferrara Pan Candy Company*. *Id.* at 6 (citing 898 F.2d 1030, 1032-33 (5th Cir. 1990)). Pursuant to Fed. R. Civ. P. 37(d), the *Coane* court dismissed plaintiff's claims with prejudice, in part due to plaintiff's willful refusal to produce tax returns. *Id.* However, the *Coane* court recognized that "a failure to provide discovery need not be willful in order to trigger Rule 37(d) sanctions." *Id.* at 1032. "[I]n view of the possibility of light sanctions, even a negligent failure should come within Rule 37(d)." *Id.* (first citing Fed. R. Civ. P. 37, Advisory Committee Notes to 1970 Amendment); then citing *Basch v. Westinghouse Electric Corp.*, 777 F.2d 165 (4th Cir. 1985), cert. denied, 476 U.S. 1108 (1986).

Further, subject plaintiffs "assume" that defendant was "mistaken," when it sought to dismiss plaintiffs' claims for failing to produce 2009 tax records. *See id.* at 6. Plaintiffs' new counsel concedes that the "error was not caught until [he] had sufficient time to digest the voluminous pleadings and discovery in this case." Rec. Doc. 216-1 at 6. Counsel urges that dismissal of subject plaintiffs' claims for "failing to produce that which has not been requested during discovery would be unjust and contrary to the spirit of such a sanction." *Id.* In response,

8

defendant ACL admits that "the 2009 federal tax returns and state tax returns were not requested in a [r]equest for [p]roduction" and that "they were requested via the tax authorization forms which were provided by the [p]laintiffs themselves." *See* Rec. Doc. 217 at 3.

On September 6, 2016, parties filed a joint status report (Rec. Doc. 102) expressly stating "[p]laintiffs have offered to provide authorizations to defendant to obtain any additional dock receipts from the Louisiana Department of Wildlife & Fisheries and authorization ***for any other tax returns they may wish from the IRS***." Rec. Doc. 102 at 2. Thus, plaintiffs consented to the production of tax returns beyond plaintiffs' 2008 federal tax return. While the Court acknowledges that this allowance may have constituted error on the part of plaintiffs' previous counsel, plaintiffs undoubtedly consented to the production of the tax documents beyond the year of 2008. Nor can defendant's request for 2008 and 2009 tax returns be characterized as overly broad or overly burdensome as to constitute an abuse of discovery. Argument to the contrary is stale and unwarranted.

Further, this Court issued Order #214 on June 12, 2024, which ordered the production of subject plaintiffs' 2008 and 2009 federal and state tax returns. Rec. Doc. 214. Federal Rule of Civil Procedure 26(b)(1) permits the court to order discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action[.]" Fed. R. Civ. P. 26(b)(1). Moreover, Federal Rule of Civil Procedure 37 empowers the court with the authority to compel production of documents that are properly discoverable. *See* Fed. R. Civ. P. 37(b)(2)(A)(v). Importantly, "[i]ncome tax returns are relevant to claims for damages that include lost profits and business income." *LBC Fixed Income Fund I 2020, LLC v. Watkins Healthcare Group, LLC*, No. 2024-008, 2024 WL 3317758, at *3 (E.D. La. June 21, 2024) (citing *United States ex rel. Univ. Loft Co. v.*

9

*AGS Enterprises, Inc.*, No. SA-14-CA-528-OLG, 2016 WL 9462335, at *10 (W.D. Tex. June 29, 2016) ("[I]ncome tax returns, accounting records and other financial information would appear to be crucial to an expert reviewing a claim for damages based on lost profits."). "Nor have [plaintiffs] identified any category of documents that would 'reflect the substantial equivalent of the information contained in their tax returns and financial statements.'" *Id.* (citing *Torsh, Inc. v. Audio Enhancement, Inc.*, No. CV 22-2862, 2023 WL 7688583, at *13 (E.D. La. Nov. 15, 2023)). Plaintiffs have failed to demonstrate that requiring the production of their 2008 and 2009 federal and state tax returns is overly broad or burdensome. Moreover, "[i]t is well-settled that recovery of lost profits will only be permitted where profits have actually been lost and the amount of such profits is proven with 'reasonable certainty.'" *Boudreaux v. U.S. Flood Control Corporation*, No. 07-3211, 2008 WL 11354971, at *4 (E.D. La. Dec. 9, 2008).

Here, plaintiffs have asserted claims for loss of profits or impairment of earning capacity wherein the subject incident occurred on July 23, 2008. Therefore, plaintiffs' federal and state tax returns for the years 2008 and 2009, are "manifestly relevant." *See* Rec. Doc. 214 at 9. The mere production of plaintiffs' 2008 tax returns is insufficient to establish their entitlement to relief for their loss of profits or impairment of earning capacity claims. Further, the Court acknowledges that the delay associated in obtaining plaintiffs' tax records may indeed be solely attributable to counsel. However, based on some plaintiffs' failure to produce tax returns or any other evidentiary support to substantiate their claims for loss of profit or impairment of earning capacity, it is evident that some plaintiffs have failed to make themselves available and are unwilling to prosecute this matter. Additionally, by providing defendant with tax authorization forms, plaintiffs essentially placed the onus on defendant to obtain plaintiffs' tax records from the IRS, rather than obtaining them on their own. Accordingly, plaintiffs' request to amend Order #214 on this ground is denied.

E.  **Modification of Order #214 as to only require subject plaintiffs to produce federal tax returns or tax transcripts**

Second, plaintiffs request the Court to modify Order #214 as to only require subject plaintiffs to produce federal tax returns or tax transcripts, rather than requiring the production of both federal and state tax returns. *Id.* at 7. Plaintiffs contend that "[n]o state tax returns are listed in any of [defendant's] requests that seek the production of tax returns." *Id.* Plaintiffs indicate that some of them have produced both federal and state returns, although ACL did not indicate state tax returns in its discovery requests. *See id.* On this ground, plaintiffs who have not produced *state* tax returns request the Court to not dismiss their claims. *See id.* Notably, in opposition to defendant ACL's motion to dismiss for failure to prosecute, counsel for plaintiffs failed to address ACL's failure to request state tax returns during discovery, and instead focused argument on plaintiffs' compliance with providing tax authorizations to ACL pursuant to this Court's order (Rec. Doc. 196) and the illness and withdrawal of plaintiffs' previous counsel. *See generally* Rec. Doc. 212. The Court denies plaintiffs' request for reconsideration on this ground for the previously stated reasons but will allow production of self-authenticating tax transcripts with sworn affidavits from taxpayers in the event tax returns are unavailable, as directed earlier.

F.  **Modification of Order #214 as to twenty-eight (28) subject plaintiffs whom did not receive a written request from defendant to produce 2008 federal tax returns**

Third, plaintiffs contend that at least twenty-eight (28) subject plaintiffs never received a request for production for any tax returns from defendant, and therefore, those plaintiffs should not be subject to dismissal. *See* Rec. Doc. 212 at 7-8. In response, defendant ACL concedes that it failed to serve those specific twenty-eight plaintiffs and agrees that those plaintiffs should not be subject to dismissal for failing to provide a 2008 tax return. *See* Rec. Doc. 217 at 1-2. As previously stated, Rules 26(b)(1) and 37(b)(2)(A)(v) empower the Court to order the production of relevant

11

discovery. That has been done here. However, we will forgo dismissal of claims by those specific twenty-eight plaintiffs at this juncture to allow their compliance with noted production orders.

### G. Plaintiffs' request to extend deadline to produce 2008 tax returns or transcripts

Additionally, subject plaintiffs request a sixty (60) day continuance to produce 2008 federal tax returns or tax transcripts. Plaintiffs aver that counsel "is still in the process of contacting the remaining [s]ubject [p]laintiffs, personally or through an interpreter, and having them sign requests for tax returns or transcripts and mailing them to the IRS." *See* Rec. Doc. 216-1 at 8.

Over the course of thirteen (13) years of litigation, this Court has granted plaintiffs several opportunities to facilitate the production of discovery. *See e.g.,* Rec. Doc. 99 (ordering plaintiffs' discovery responses within forty days of issuance of order granting defendant's motions to compel); *see, e.g.,* Rec. Doc. 119 (granting plaintiffs additional thirty days to produce written discovery); *see, e.g.,* Rec. Doc. 187 (granting plaintiffs fourteen-day continuance); *see, e.g.,* Rec. Doc. 196 (denying defendant's motion to dismiss and ordering plaintiffs to provide defendants written authorization to obtain state and federal tax returns, and cautioning dismissal if non-compliant); *see, e.g.,* Rec. Doc. 199 (granting plaintiffs twenty-one day extension to provide signed state and federal tax authorization forms); *see, e.g.,* Rec. Doc. 214 (denying defendant's motion to dismiss and ordering plaintiffs to submit tax return-related discovery, namely 2008 and 2009 federal and state tax returns, and cautioning dismissal if non-compliant). Here, plaintiffs' motion fails to satisfy the standard under Rule 60(b)(1).

Plaintiffs and their prior counsel share blame for the delay in complying with the Court's orders, and the proffered reasons for delay and reconsideration do not show Order #214 to have been manifestly unjust. The reasons stated in plaintiffs' motion fail to suggest adequate grounds for reconsideration. However, plaintiffs' new counsel and counsel for defendant appear to be

working together in good faith efforts to achieve FRCP Rule 1's mandate for case resolution—albeit later than expected.

Therefore, while retaining consideration of repetitive violations of court orders designed to facilitate timely advancement of this action and to consider any future violations, the imposition of sanctions against noncompliant parties at this time is withheld. Subject to the aforementioned modifications to Order #214, that Order remains in effect for reasons as ordered above.

Given the totality of described circumstances here, other than the instant extensions ordered above, **there will be no further extensions for production of tax returns or transcripts**. We again warn that "**Failure to timely comply with the latter directives will lead to the dismissal of claims by noncompliant plaintiffs.**" See Rec. Doc. 214.

Further, until compliance with noted production directives or failure to timely comply occurs, this action remains on the inactive docket.

New Orleans, Louisiana this 21st day of November, 2024

_____
Senior United States District Judge